Gilbert Edelman, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 13, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Jacob Myers,* with him *Gilbert Edelman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 19, 1973:

This is an appeal by Gilbert Edelman from an order of the Unemployment Compensation Appeal Board denying him all claim credits and invalidating his application for benefits.

Edelman was employed by an enterprise in which his father was a partner from the year 1955 until he was separated on February 19, 1971. During the last years of this employment Edelman attended law school and in January of 1968 was admitted to the Pennsylvania Bar, and at some undisclosed date was also admitted to the Florida Bar. Edelman applied for unemployment compensation in March of 1971 and received regular payments until late September of 1971, when it was ascertained that he had a law office in a downtown Philadelphia office building and was listed as a lawyer in the yellow pages of the Philadelphia telephone book. The Bureau of Employment Security there-

upon terminated his benefits pursuant to Section 402 (h) of the Unemployment Compensation Act, Act of December 5, 1936, P. L. 1937, 2897, 43 P.S. §802(h), which provision of law renders persons engaged in self-employment ineligible for unemployment compensation.

The appellant admits having obtained space in an office with other lawyers on July 1, 1971, to having his name listed in the Philadelphia phone directory, and to engaging in some law practice after that time. He testified, however, that he worked at the law only about three hours a day, that this work consisted of helping his office mates and that he never made a profit from his practice. He asserts that he opened his law office solely for the purpose of being able to apply for a new position of employment as a practicing lawyer rather than as an unemployed person.

The referee and the Unemployment Compensation Board of Review concluded that Edelman was engaged in self-employment. Neither accepted the claimant's statement that he was not really self-employed after July 1, 1971 and that his actions leading to this appearance were simply facade, hiding his real status as an unemployed person.

The credibility of witnesses, the weight of their testimony and the reasonable inferences to be drawn from the facts of record are for the compensation authorities, who are not required to accept even uncontroverted testimony as true. *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972) ; *France Unemployment Compensation Case*, 205 Pa. Superior Ct. 505, 211 A. 2d 85 (1965).

The authorities' order denies Edelman compensation from March 1971 when he first applied. We believe

this to be erroneous. The claimant did not establish his law practice until July 1, 1971. There is no evidence that he was employed at anything before that date and back to the time he lost his employment in February.

We therefore make the following:

ORDER

And now, this 19th day of October, 1973, the order of the Unemployment Board of Review is modified by striking therefrom the invalidation of the appellant's application for benefits and the denial of claim credits for weeks ending March 16, 1971 through July 9, 1971; and as so modified is affirmed.