Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Madeline E. Minier, Appellant.

Argued February 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John M. Humphrey,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 2, 1976:

This case is an appeal from the Unemployment Compensation Board of Review (Board) presenting for our determination the issue of whether an employer-employee relationship existed between claimant-appellant and the North Central Motor Club of South Williamsport, Pennsylvania. We must answer the issue in the affirmative.

On December 22, 1974, claimant-appellant filed a claim for special unemployment assistance benefits. At the time, she was engaged for approximately eight and one-half hours a week exclusively by the Motor Club as a telephone solicitor seeking club memberships. She generally called prospective members from her home, except for one evening each week when she operated from the office of the Motor Club, and was paid solely on a commission basis

516

—$5.00 for each membership sold. In successive determinations, the Bureau of Employment Security, a referee, and the Board found claimant-appellant to be self-employed and therefore ineligible for unemployment compensation under Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h).[1] We disagree.

As correctly argued by claimant-appellant, this case is controlled by our decision in *Laswick v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 356, 310 A.2d 705 (1973). There, a claimant for unemployment compensation worked for a company as a jewelry demonstrator and salesperson exclusively on a commission basis. Her duties were to persuade others to invite people to their homes where she would demonstrate and attempt to sell jewelry. She received training in her duties by a branch manager and was required to report her activities once a week. Her employment was solely at the will of the company. On those facts, we held that claimant was under sufficient control of the company to be considered an employee thereof, rather than a self-employed individual, for purposes of remaining eligible for unemployment compensation.

The instant case is factually similar to *Laswick*. Here, claimant-appellant worked on a commission basis; had duties to persuade others to become Motor Club members; was initially trained in telephone solicitations by an employee of the Motor Club; was required to report to the Motor Club one evening a week where she solicited mem-

---

1. Section 402(h) of the Unemployment Compensation Law, 43 P.S. §802(h), declares that a claimant, otherwise eligible to receive benefits, will be rendered ineligible for any week in which he engaged in self-employment. However, an eligible claimant may continue to receive benefits during periods of *employment by others*, although such benefits will be reduced by the amount of remuneration received for such employment. Section 404(d) of the Unemployment Compensation Law, 43 P.S. §804(d).

berships under the guidance of Club employees, thereby receiving continuous training; and was subject to termination at will by the Motor Club. Consequently, we must conclude, as we did in *Laswick,* that claimant-appellant was under control of the Motor Club adequate to establish her as an employee thereof for unemployment compensation purposes.

We reject the Board's contention that *Laswick* is presently distinguishable by the fact that claimant-appellant, in a written statement to the Bureau of Employment Security, characterized herself as an "independent agent" of the Motor Club. Whether a claimant is "self-employed" is a question of law to be determined by the compensation authorities initially and by the courts on review. It is not to be decided by a layman untrained in the legal niceties and ramifications attendant the term, "independent agent."

Accordingly, we enter the following

ORDER

Now, March 2, 1976, the order of the Unemployment Compensation Board of Review, denying benefits to Madeline E. Minier, is hereby reversed and the record is remanded to the Board for proper calculation and award of benefits.