Parmelee, Miller, Welsh & Kratz, P.C., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges Mencer, Rogers and Craig, sitting as a panel of three.

*Daniel J. Long,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Craig, September 11, 1979:

Claimant is an attorney-at-law, admitted to the Pennsylvania bar. The question raised on this appeal by his former employer is whether he became self-employed for unemployment compensation purposes and therefore ineligible for benefits under Section 402(h) of The Unemployment Compensation Law.[1]

The findings of the Unemployment Compensation Board of Review (Board) are succinct and supported by substantial evidence:

2. Claimant was advised by the employer early in August that his last day of work for the employer would be August 31, 1977.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

3. During the month of August claimant purchased advertising in the legal directory of the Pittsburgh Magazine for the months of September and October.

4. On September 1, 1977 the claimant did not have the funds to establish a private practice so he decided not to go into private practice.

5. After claimant was discharged from his employment he did not have any clients, he did not perform any legal services and he did not receive any remuneration.

6. Claimant did not open his own office and has referred prospective clients to another attorney.

In *Edelman v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973), we held that a member of the Pennsylvania bar, who first applied for benefits in March, became ineligible as of July 1, the date he began sharing office space with other attorneys in a center-city office. He also had his name listed as an attorney in the telephone directory and admitted performing some work with his officemates, although he never made any profits from the minimal amount of work he did. However, he was entitled to compensation for the period from March through June because there was no evidence to show that he practiced law at all during that earlier period.

A major implication of our decision in *Edelman* is that merely being a member of the Pennsylvania bar does not in itself make a claimant self-employed under Section 402(h) of the Act and ineligible for unemployment compensation benefits.

A claimant is generally considered to embark upon self-employment for purposes of Section 402(h) only where he actively participates in the operation of a private enterprise or performs a positive act to

establish an independent business enterprise. *Unemployment Compensation Board of Review v. Finn*, 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976). The same guidelines should apply in deciding whether a claimant is self-employed in the practice of law. See *Edelman v. Unemployment Compensation Board of Review, supra.*

In this case, after his last day of work for the appellant, claimant never received any remuneration, never had a client and never performed any legal services.[2] The Board also found that, as soon as he became unemployed, claimant decided not to become a practitioner because he realized that he did not have the necessary funds to establish a private practice. That finding is supported by claimant's testimony. Issues of credibility and the weight to be given evidence are within the province of the Board. *Rodites v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 128, 382 A.2d 1287 (1978).

We cannot say that the placement of his magazine advertisement amounted to the launching of a law practice; it was only evidence of an intention to practice—an intention he shortly changed—and did not represent the establishment of a professional enterprise.

Accordingly, we affirm the Board's conclusion that claimant was eligible for benefits for the period in question.

## ORDER

AND Now, this 11th day of September, 1979, the order of the Unemployment Compensation Board of Review in Appeal No. B-77-7-A-1747 is hereby affirmed.

---

[2] We do not consider the few referrals he made to another attorney to constitute the rendering of legal services nor a rejection of suitable offers of employment. The referrals brought him no compensation.