Leonard Logut, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and North American Fencing Corporation, Respondents.

Argued February 8, 1980, before Judges WILKIN-SON, JR., MENCER and CRAIG, sitting as a panel of three.

*Louis H. Ceraso,* for petitioner.

*Gary J. Marini,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., March 3, 1980:

Petitioner (claimant) brings this appeal to challenge the denial of unemployment compensation benefits for the compensable weeks ending December 3, 1977 through February 25, 1978 and the assessment of a fault overpayment in the amount of $1,596.00. We affirm the denial of benefits but reverse the determination on the fault overpayment.

Claimant, employed as a fencing installer, began receiving unemployment compensation benefits following a qualifying separation on September 21, 1977. The denial of benefits for the compensable weeks at issue was based on the conclusion that claimant was then engaged in self-employment and ineligible pursuant to Section 402(h) of the Unemployment Compensation Law, (Law), Act of December 5, 1936, Sec-

ond Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h),[1] which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

(h) In which he is engaged in self-employment. . . .

At the referee's hearing claimant and two representatives of employer testified. According to claimant he began advertising in December, 1977 under the name Logut Fencing, which was registered as a fictitious name on March 22, 1978. Although strenuously denied by claimant, both employer representatives testified the claimant was bidding on jobs sometime before December, 1977. On the basis of the foregoing contradictory evidence the referee made the following finding:

3. In late November or at the beginning of December 1977, claimant began soliciting business for himself in the fencing field, and claimant commenced in December 1977 advertising in local publications for business.

In light of our limited scope of review of factual findings of the unemployment compensation authorities we cannot, on the basis of the record in this case, say that finding No. 3 is erroneous or unsupported by the evidence. Additionally, the legal conclusion that claimant was engaged in self-employment at least by the beginning of December, 1977 is entirely appropriate in light of finding No. 3.

The language of Section 402(h) of the Law provides *no* specific guidance as to the meaning of self-

---

[1] Denial of benefits was also predicated on violation of Section 401(b) of the Law, 43 P.S. §801(b) dealing with reporting requirements. In light of the failure of either party to directly address the issue and in light of this Court's affirmance on the basis of the provisions of Section 402(h) discussion of a possible Section 401(b) ground is unnecessary.

employment. There is no question in this case that the claimant's activities were aimed at establishing and sustaining self-employment. The difficulty is in determining at what point a claimant's activities so directed constitute self-employment rendering an otherwise qualified individual ineligible for benefits. In order to justify disqualification on grounds of self-employment the cases have required "[a] positive act of establishing an independent business enterprise." *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 516, 360 A.2d 288, 290 (1976). *See also Parmelee, Miller, Welsh & Kratz v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 570, 405 A.2d 1052 (1979); and *Leary v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 409, 322 A.2d 749 (1974).

The question here then is at what point did claimant's actions constitute a sufficient positive act of establishing an independent business to justify denial under Section 402(h). Examining the actions which the referee and the Unemployment Compensation Board of Review (Board) found to be significant, advertising and active solicitation of business, we conclude that "positive but not final act[s] in the establishment of an independent business enterprise" had been undertaken. *Leary, supra* at 413, 322 A.2d at 750. While we affirmed the Board when it rejected a contention that "placement of [a] magazine advertisement amounted to the launching of a law practice." in *Parmelee, Miller, Welsh & Kratz, supra* at 573, 405 A.2d at 1053, we consider in addition to the advertising the active bidding on projects to amount to the required positive acts which support the Board's finding of self-employment in this case.

The remaining issue in this case concerns the propriety of the fault overpayment assessed against

claimant. Section 804(a) of the Law, 43 P.S. §874(a) authorizes recoupment of "fault overpayments" either directly from the claimant or by deducting the amount of overpayment from future compensation payable to claimant. For present purposes the word "fault" has been defined as " 'more than volition, more than a voluntary act. Whether its lexical or legal meaning be consulted, "fault" always connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches.' " *Daniels v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 241, 246, 309 A.2d 738, 741-42 (1973) (Footnotes omitted.)[2]

Our review of the rather sparse decisional law on this question has revealed no case in which the validity of an assessment of a fault overpayment in the context of this type of Section 402(h) case has been addressed. Generally dealing with wage information or the reason for termination, cases sanctioning the imposition of fault overpayments typically speak in terms of a "material misrepresentation" *Beres v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 457, 460, 393 A.2d 1073, 1075 (1978) or acts "designed improperly and intentionally to mislead." *Lynn v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 75, 78, 396 A.2d 500, 502 (1979). *See also Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979); and *Stormer v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977).

In the instant case it is argued that claimant's "fault" lay in his "active concealment . . . that he was

---

[2] The definition of the word "fault" employed by *Daniels, supra,* is taken from *Mills Unemployment Compensation Case,* 164 Pa. Superior Ct. 421, 426-27, 65 A.2d 436, 439 (1949), *rev'd on other grounds,* 362 Pa. 342, 67 A.2d 114 (1949).

engaged in self-employment.'' Claimant testified that he got his first job in March, 1978; that he had no office or business phone before March; that the telephone numbers listed in the advertisements were those of his mother and his personal residence; and that a fictitious name for the business was not registered until March 22, 1978. We don't believe the actions taken by claimant in December 1977, which the Board found established self-employment, compel or even support a conclusion of concealment by claimant. Indeed, even now, from a layman's point of view, from the admitted facts and as found by the referee and the Board, it is not unreasonable for him to believe he was not self-employed.[3] The law is otherwise. As we observed in *Unemployment Compensation Board of Review v. Minier,* 23 Pa. Commonwealth Ct. 514, 352 A.2d 577 (1976), "[w]hether a claimant is 'self-employed' is a question of law to be determined by the compensation authorities initially and by the courts on review. It is not to be decided by a layman untrained in the legal niceties. . . ." *Id.* at 517, 352 A.2d at 579.[4]

Accordingly, we will enter the following

ORDER

AND NOW, March 3, 1980, the order of the Unemployment Compensation Board of Review dated Sep-

---

[3] Claimant's perception of his efforts prior to March, 1978 appear in the following excerpt of his testimony:

I didn't have any material or anything to do work. It was just an idea that if I did get the work, that I was going to start my own business, that I was going to get things started rolling. I was feeling it out more or less.

[4] We recognize that at some point in the creation of a new business enterprise a requirement that a claimant respond affirmatively to an inquiry as to whether he is self-employed will arise. In the instant case, however, claimant's failure to inform the unemployment compensation authorities that he was self-employed, especially considering the nascent stage of development the business was then in, does not constitute concealment.

tember 13, 1978, at Decision No. B-164032 affirming a decision of a referee denying compensation for compensable weeks ending December 3, 1977 through February 25, 1978 and imposing a fault overpayment in the amount of $1,596.00 is affirmed in part and reversed in part. To the extent the order of the Unemployment Compensation Board of Review affirms the denial of benefits for the weeks in question it is hereby affirmed, and to the extent it affirms the imposition of a fault overpayment it is hereby reversed.

President Judge BOWMAN did not participate in the decision in this case.