Clarence E. Kirk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Carol K. Kirk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1981, before Judges WILKIN-SON, JR., MACPHAIL and WILLIAM, JR., sitting as a panel of three.

*John R. Kennel, II, Gibbel & Kraybill*, for petitioners.

*Richard Wagner*, Chief Counsel, with him *Charles G. Hasson*, Assistant Attorney General, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., February 25, 1981:

Petitioners (claimants), husband and wife and former employees of the same concern, appeal from two decisions and orders of the Unemployment Compen-

sation Board of Review (Board) affirming the decisions of the referee denying benefits for the compensable weeks ending June 9, 1979 through July 7, 1979. Benefits, which had been paid since January, 1979, following qualifying separations, were denied pursuant to Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h), which provides that:

An employe shall be ineligible for compensation for any week—

. . . .

(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

Based on the testimony elicited at an August 14, 1979 hearing and on a June 15, 1979 "Summary of Interview," the Board made the following relevant findings of fact:

3. In the beginning of June, 1979, prior to the compensable period in issue, the claimant[s] . . . received approval from a bank for a business loan for the purpose of starting a landscaping business. In June, 1979 the claimant and his wife submitted a bid to perform subcontracting jobs in relation to their business venture.

4. The claimant[s] ... as a result of their business venture, purchased a tractor and signed a contract with Penndot to perform subcontracting jobs beginning July 1, 1979.

In view of our limited scope of review of factual findings of the unemployment compensation authorities, in the instant case we cannot say that any necessary findings are erroneous or unsupported by the evidence.[1]

It is the claimants' position that self-employment did not commence until July 14, 1979, when the claimants contend that the sub-contract to perform lawn mowing services was actually entered into. However, there is evidence in the record to support the Board's conclusion that the claimants became self-employed prior to the compensable week periods in issue and remained so throughout.

"There is no question in this case that the claimant[s]' activities were aimed at establishing and sustaining self-employment. The difficulty is in determining at what point . . . claimant[s]' activities so directed constitute self-employment rendering . . . otherwise qualified individual[s] ineligible for benefits." *Logut v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 575, 578, 411 A.2d 881, 882 (1980). Further, it is undisputed in this case that these activities were entered into subsequent to the claimants' separation from their previous full-time employment. Thus, we are not dealing with the

[1] Claimants contend that the Board erroneously concluded in finding of fact No. 4 that they signed a contract with Penndot to perform subcontracting jobs beginning July 1, 1979. Rather, claimants maintain that it was not until July 14, 1979 that they entered into a sub-contract to perform lawn mowing services. It is our conclusion that the date of entry into the sub-contract here has no effect upon the ultimate resolution of the case.

continuation of a side-line activity undertaken while employed in full-time work.

A claimant is considered to have embarked upon self-employment under Section 402(h) of the Law when he performs a "positive act of establishing an independent business enterprise." *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 516, 360 A.2d 288, 290 (1976). Recently, in *Logut v. Unemployment Compensation Board of Review, supra,* we concluded that advertising in conjunction with active bidding on projects amounted to the requisite positive acts to support a finding of self-employment. We find this case to be dispositive and therefore must conclude that by submitting a bid to perform subcontracting jobs, negotiating a business loan[2] and purchasing equipment for use in the business venture,[3] the claimants have simi-

---

[2] The only competent evidence as to when the loan was actually negotiated is claimants' testimony that they borrowed the $3,200.00 "a couple of days" prior to the June 15, 1979 interview. This activity could therefore be placed at the start of the *second* compensable week in issue (week ending June 16). Thus, while there exists greater evidence of self-employment for the final four week period in issue (weeks ending June 16 through July 7), the fact that a bid was submitted and a substantial item of equipment was purchased prior to the *first* compensable week in issue (week ending June 9) allows us to conclude that claimants were self-employed during this first compensable week as well.

[3] There is competent evidence of record that a tractor was purchased on June 1, 1979, prior to the compensable week periods in issue. (Claimants' investment in equipment during this period ultimately totalled $6,000.00). Claimants contend that this equipment was purchased for personal use. However, "[t]he credibility of witnesses, the weight of their testimony and the *reasonable inferences* to be drawn from the facts of record are for the compensation authorities. . . ." (Emphasis added.) *Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 277, 310 A.2d 707, 708 (1973). Here, we conclude that it was clearly reasonable for the authorities to infer that the tractor, as well as the additional equipment purchased during the five week period in question, was purchased for use in the landscaping business.

larly performed the necessary positive acts and have thereby removed themselves, as of "the beginning of June, 1979," from the class of those eligible to receive benefits. The fact that claimants may have been able and available to take a full-time job, if one had been offered, during the period for which they claim benefits, does not alter the fact that they were self-employed. *Keslar Unemployment Compensation Case,* 202 Pa. Superior Ct. 434, 195 A.2d 886 (1963).

Claimants also argue, in the alternative, that even if they were self-employed during the compensable week periods in issue, Section 402(h) of the Law violates the Equal Protection Clause of the United States Constitution. The substance of claimants' argument in this regard is that Section 402(h) of the Law creates an arbitrary distinction between similarly situated classes of persons in that those who make preparations for the establishment of a business venture during their benefit year are ineligible for benefits, while those persons who engage in side-line activities while fully employed and who continue to do so without substantial change during their benefit year are eligible.

Initially, we must emphasize the well established principle that

> there is a strong presumption in favor of the constitutionality of an act of the legislature and the burden lies heavily upon one challenging the act to show that it clearly, plainly and palpably violated the Constitution. This means that in the context of an economic benefits statute such as an unemployment compensation act, which does not involve a fundamental right, a classification established by the statute which, as here, is not inherently suspect will pass muster under the Equal Protection Clause if it bears *some*

rational relationship to the legitimate purpose of the legislation. (Emphasis in original.)

*Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 347, 393 A.2d 43, 45-46 (1978).

Here, we need not strain in order to find the required "rational relationship." The legitimate purpose of the Law is to provide temporary benefits to those who become unemployed through no fault of their own. Persons who are not so unemployed should not receive benefits from the fund. *Alick Unemployment Compensation Case,* 194 Pa. Superior Ct. 28, 166 A.2d 342 (1960). Those individuals who, subsequent to a separation from work, continue to participate, without substantial change, in a side-line activity undertaken while customarily employed in full-time work, are nonetheless unemployed. The side-line activity, in contrast to the case at bar, is not engaged in as a primary source of livelihood. This class of individuals, unemployed through no fault of their own, is clearly eligible.

Claimants, on the other hand, fall within a class of individuals who have embarked upon self-employment subsequent to a separation from full-time work. Claimants were not unemployed, as of the beginning of June, 1979, for the simple reason that one who is self-employed is not unemployed. *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A.2d 438 (1954). By engaging in business for themselves, claimants have removed themselves from the class of the unemployed and are therefore ineligible for benefits.

While we applaud the ambition of those who attempt to decrease their dependency on unemployment benefits through their own business initiatives, we find that the "[Law's] denial of benefits to self-employed individuals is grounded on sound policy,

and that the [Law] is not designed 'to insure a weekly income to those engaged in business ventures who may not realize a profit therefrom during various weekly periods,' " *Unemployment Compensation Board of Review v. Kessler*, 27 Pa. Commonwealth Ct. 1, 4, 365 A.2d 459, 460-61 (1976) (quoting *Muchant, supra* at 88, 103 A.2d at 440), nor to subsidize the early stages of development of such an independent venture. Based on the foregoing, we must conclude that the classification in issue bears a rational relationship to a legitimate purpose of the Legislature, and that therefore Section 402(h) of the Law is not violative of the Equal Protection Clause.

Accordingly, we will enter the following

ORDER

AND Now, February 25, 1981, the orders of the Unemployment Compensation Board of Review, dated October 12, 1979 and docketed at B-176601 and B-176602, are hereby affirmed.