Margaret A. Doyle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Kathleen R. Mulligan*, with her *Eileen D. Yacknin*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 13, 1981:

In this unemployment compensation appeal, the claimant,[1] questions decisions by the board[2] and referee, denying compensation on the basis of the willful misconduct provision of the Unemployment Compensation Law.[3]

On November 8, 1978, the claimant's former employer[4] terminated claimant for failing to comply with the employer's rules requiring employees to ring up all sales on the cash register immediately at the time

---

[1] Margaret A. Doyle.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[4] Joseph Horne's Company.

a purchase is made, and to give each purchaser a receipt. Claimant admits failing to adhere to these rules, but contends that she was justified because she was overcome by sudden illness and did not want to embarass the employer or herself by making a scene.

As stated in *Bullock v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 528, 402 A.2d 734 (1979), the employer has the burden of proving the existence of a rule and the fact of its violation, and an employee, if attempting to justify a violation, has the burden of establishing good cause.

Unquestionably, the employer here met the burden of proving the existence of the rules, as admitted by the claimant, and their reasonableness has not been contested.

Because the board found against claimant, who had the burden of proof on the matter of good cause for the violation, our scope of review on that point is to determine whether the board capriciously disregarded competent evidence. *Stevens v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 242, 403 A.2d 221 (1979).

Here the board expressly found incredible the claimant's testimony that she was unable to comply with the company policy. Questions of credibility are for the determination of the board, not the reviewing court. *Parmalee v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 570, 405 A.2d 1052 (1979). The record includes evidence that the claimant, even if ill, could have had another employee properly conclude the sale for her.

Accordingly, we affirm the decision of the board.

## Order

And Now, March 13, 1981, the decision of the Unemployment Compensation Board of Review, denying benefits to Margaret A. Doyle, is hereby affirmed.