Lillie M. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Elaine B. Battle,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him
*Richard L. Cole, Jr.,* Chief Counsel, for respondent.

MEMORANDUM OPINION BY JUDGE ROGERS, August
30, 1982:

The appellant, an unemployment compensation
claimant, was employed as a salesperson by a retail
merchant. Two salespersons worked at each of the
employer's checkout counters, one at the cash register
totalling up purchases, operating the register and re-
ceiving money, the other bagging purchases and
stapling register receipts to the bags. On an occasion
when the claimant was acting as bagger, a security
official observed the person at the claimant's register
ringing $1 for a $49 purchase and the claimant failing
to staple the receipt on the bag. Both salespersons
were immediately confronted, the salesperson on the
register later prosecuted and both discharged. The
$1 receipt for the $49 purchase and five other receipts
were found in a waste bag at the counter.

The claimant conceded that by employer rule and
instruction the bagger's duties included that of ob-
taining the receipt and stapling it to the bag. The
claimant said that she just forgot this chore on the
occasion witnessed by the security officer and that
she should not have been denied unemployment bene-
fits for this single "unintentional" failure.[1] The
difficulty with this argument is that the fact finders
inferred from all of the evidence that the claimant's
lapse from duty was not unintentional but deliberate.
Her contention that the evidence was insufficient to
support that finding is simply unavailing on this rec-

---

[1] The claimant was declared ineligible for compensation be-
cause her unemployment was the result of her willful misconduct.
Section 402(e) of the Unemployment Compensation Law, 43 P.S.
§802(e).

ord; and, of course, a single act of misconduct may constitute willful misconduct. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974).

*Frazier v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 474, 411 A.2d 580 (1980) is not to the contrary. There. the claimant, a store manager, was discharged because a bag containing money was stolen from his store, from which and we concluded that, there being no evidence that the claimant was culpable of intentional or deliberate disregard of his duties, he could not be guilty of willful misconduct. More pertinent is *Doyle v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 494, 426 A.2d 756 (1981) where we affirmed an order denying benefits to a cashier who failed to ring up her sales and whose excuse of illness was not believed, just as the claimant's excuse of forgetfulness was found to be incredible in this case.

Order affirmed.

ORDER

AND Now, this 30th day of August, 1982, the order of the Unemployment Compensation Board of Review is affirmed.

