Guido Centorame, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 5, 1984, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Stephen L. Shields,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 9, 1984:

In this appeal by Guido Centorame from a denial of unemployment compensation benefits by a referee and the Unemployment Compensation Board of Review, the sole question is whether he was ineligible because "engaged in self-employment,"[1] in that, after separation from his previous employer, all that he did was that he "had business cards made and placed an advertisement in a newspaper . . . holding himself out for home improvement work," according to the referee's uncontested finding.

Noting that a conclusion as to self-employment presents a question of law subject to review by this court, *Unemployment Compensation Board of Review v. Minier,* 23 Pa. Commonwealth Ct. 514, 517, 352 A.2d 577, 579 (1976), we reverse the decision because public advertisement of a pursuit, without more, does not in itself amount to the launching of the new enterprise, but only evidence of an intention to do so. *Parmelee, Miller, Welsh & Kratz v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 570,

---

[1] Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(h).

405 A.2d 1052 (1979). Although *Parmelee* also involved an ultimate revocation of the intention, in that case, to start a law practice, *Parmelee* nevertheless stands for the principle that advertisement alone does not constitute doing business, where, as here, there is no performance of work or active solicitation of business, as through bidding. *Cf. Logut v. Unemploymen Compensation Board of Review,* 49 Pa. Commonwealth Ct. 575, 411 A.2d 881 (1980), where the claimant had been personally active in the solicitation of business.

The decision is reversed, and this case is remanded for the computation of benefits.

ORDER

Now, May 9, 1984, the decision of the Unemployment Compensation Board of Review, dated January 17, 1983, No. B-213686, is reversed, and this case is remanded for the computation of benefits.

Jurisdiction relinquished.