Randolph Voltz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 15, 1984, to Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Raymond H. Bogaty, Bogaty, McEwen, Sparks & Kochems,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, June 6, 1984:

Before this Court is an appeal by Randolph Voltz (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Claimant was ineligible for benefits, by virtue of his becoming self-employed, and was liable for a fault overpayment. We affirmed.

Claimant was employed by Flo-Con Systems, Inc., as maintenance and production supervisor. His last day of employment at Flo-Con was May 29, 1981, after which he began receiving unemployment compensation benefits.[1] In December, 1981, however, Claimant was deemed by the Office of Employment Security to be self-employed and hence ineligible for benefits pursuant to Section 402(h) of the Unemployment Compensation Law (Law).[2] Claimant contested this ruling. Following a hearing, a referee affirmed the ruling of ineligibility, holding that Claimant was self-employed from August 15, 1981, in a home remodeling enterprise known as "Randy Voltz & Sons" and that he thus had been ineligible for the benefits he received from that

---

[1] Claimant's initial entitlement to benefits is not at issue here.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h), which reads, in pertinent part:

An employee shall be ineligible for compensation for any week—

(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

date through December, 1981. In conjunction with a finding that Claimant had, in signing for benefits, repeatedly certified that he was totally unemployed during the subject period, the referee also held that Claimant was liable for a fault overpayment in the amount of the benefits improperly received, a total of $2,928.00. The appeal to this Court followed, in which Claimant asserts that the business was his wife's, that the evidence presented was insufficient to substantiate the conclusion that he was self-employed and, in the alternative, that there was no culpability such that would warrant a conclusion of a fault overpayment.

Claimant has predicated his arguments to this Court on the theory that his former employer failed to meet its burden of establishing that Claimant was self-employed. *See DeBolt Transfer, Inc. v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 246, 427 A.2d 744 (1981).[3] A review of Claimant's own testimony, however, reveals ample support for the referee's findings that the business was named after Claimant, that his name appeared on records as an interested party in the business,[4] that he participated in business decisions and that he devoted twenty hours per week to the business. Such

---

[3] As in *DeBolt,* the more common context in which the self- employment question arises is in determining initial eligibility, *i.e.* whether the claimant is an employee or an independent contractor.

[4] Claimant's assertions that it was an attorney, not himself, who placed his name on the businesses' records and that the records were not filed, goes to the weight and credibility to be afforded the evidence, a matter for the referee to determine. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980). This also holds true for allegations that the business was owned solely by his wife and that the name "Randy Voltz & Sons" (his sons were ten and five years old at the time) was a fictitious name designed to capitalize on the reputation of the Claimant for remodeling work.

findings, in turn, warrant the conclusion that Claimant was self-employed, at which point it became Claimant's burden to prove continuing eligibility. *See Bruno v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 372, 426 A.2d 226 (1981). This burden can be met, under the criteria of Section 402(h), only by establishing that: (1) the self-employment began prior to the termination of full-time employment; (2) it continued without substantial change after the termination; (3) the claimant remained available for full-time employment; and (4) the self-employment activity was not the primary source of the claimant's livelihood. Beyond testifying that he was involved in an unspecified amount of home remodeling work for some period of time prior to his separation from Flo-Con and that he received no pay for his activities on behalf of "Randy Voltz & Sons,"[5] Claimant has done nothing towards meeting his burden. And, as his testimony, standing alone, is clearly insufficient to satisfy Claimant's burden, the conclusion of the referee that his activities disqualified Claimant from further eligibility for benefits as of August 15, 1981, must stand.

With respect to the conclusion that Claimant is liable for a fault overpayment in the amount of the benefits received subsequent to August 15, 1981, Claimant, citing *Logut v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 575, 411 A.2d 881 (1980), argues that he honestly did not perceive himself to be self-employed and that he therefore did not actively conceal his status when he indicated on the eligibility forms that he was not employed. *Logut* is inapposite. There we indicated that, because

---

[5] Claimant emphasizes this point in his brief to this Court. Assuming, arguendo, that it is true, in light of his wife's involvement in the business, it is nothing more than an unpersuasive technicality.

of "the nascent stage of development the business was then in''[6] the claimant, as a layman, should not have been expected to realize that, as a matter of law, he was self-employed as of December, 1977, rather than as he perceived it, March, 1978, when his first job was performed. Thus, there was no active concealment of self-employment and no fault. In the case at bar, the activity deemed self-employment was an active home remodeling business during the period in question. Claimant's involvement in the business has been established and there are no mitigating factors such that can excuse Claimant's failure to disclose his status. Accordingly, the referee's conclusion that Claimant is liable for a recoupable fault overpayment is also affirmed.

ORDER

Now, June 6, 1984, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-204751, dated April 21, 1982, is hereby affirmed.

---

[6] 49 Pa. Commonwealth Ct. at 580, n.4, 411 A.2d at 883, n.4.