627 A.2d 270

**FSI TRADING COMPANY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 1993.

Decided June 22, 1993.

344

———————

James G. Keenan, for petitioner.

Clifford Blaze, Deputy Chief Counsel, for respondent.

John L. Sampson for intervenor Edwin G. Crawford.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

FSI Trading Company (Employer) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that reversed the referee's denial of benefits to Edwin G. Crawford under Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h). We affirm.

Crawford oversaw Employer's flatware division, arranging and coordinating sales of cutlery. In September 1990, Employer orally agreed to provide a "turn-around order" of flatware to a middleman (Buyer). In February 1991, Employer's president, Fred Schreiber, gave Crawford the Buyer's original request letter, telling Crawford that the order would not be provided. Crawford called the Buyer, indicating that Employer would not be providing the order. When the Buyer expressed his disappointment, Crawford suggested that perhaps he could, with an associate, obtain a letter of credit and arrange for the sale of the cutlery without Employer's involvement.[1]

On March 11, 1991, Crawford and his associate met with a bank representative to obtain the letter of credit. On March 14, 1991, Schreiber discharged Claimant for allegedly competing with Employer. (2a). A referee denied benefits, finding that Crawford had become a self-employed businessman, effective March 11, 1991, the date that Crawford met with the bank to obtain the letter of credit. The referee also found that Crawford's failure to mention his business venture to the Office of Employment Security required recoupment for a fault overpayment. The UCBR reversed:

> [B]ecause Claimant's last day of work was March 14, 1991, and his self-employment began on March 11, 1991, we

---

1. At the end of February 1991, Schreiber informed Crawford that Employer was discontinuing handling flatware.

considered that this endeavor was a side-line activity which is not disqualifying under Section 402(h) of the Law.

Under the case law, not reporting a side-line activity is not disqualifying under Section 401(c) of the Law. Claimant is not ineligible under this Section of the Law.

Because Claimant is not ineligible under either section of the Law above, he has no recoupable overpayment under Sections 804(a) or (b) of the Law.

■ On appeal,[2] Employer argues that the UCBR erred in finding that: 1) Crawford's "self employment" was not disqualifying; and 2) Crawford's failure to report his activities with the Buyer did not require a fault overpayment subject to recoupment.

Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h), provides in pertinent part that:

An employee shall be ineligible for compensation for any week—

    \*     \*     \*     \*     \*     \*

(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this Act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. Net earnings received by the employe with respect to such activity shall be deemed remuneration paid

**2.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

or payable with respect to such period as shall be determined by rules and regulations of the department.

Crawford introduced evidence that *before* termination from his full-time employment he arranged for the distribution of a turn-around order of flatware which Employer had refused to handle. Claimant testified that this activity was a "one-time" deal through which he could secure additional needed income. Crawford also testified that Michael Lloyd Associates, the distributor of the flatware, considered Crawford's activity as a one-time endeavor with no guarantee of future opportunities. Crawford neither received compensation during the weeks in dispute nor actively solicited additional business through bidding, advertising or otherwise. Therefore, the UCBR concluded that although Crawford was "self-employed," his activities were merely sideline activities.

■ Eligibility, despite self-employment, is established as a "side line" when: "(1) the self-employment began prior to the termination of full-time employment; (2) it continued without substantial change after the termination; (3) the claimant remained available for full-time employment; and (4) the self-employment activity was not the primary source of claimant's livelihood." *Voltz v. Unemployment Compensation Board of Review,* 83 Pa.Commonwealth Ct. 93, 95, 476 A.2d 492, 494 (1984).

■ Our review of the record demonstrates that the UCBR correctly concluded that Crawford met these requirements. Steps to secure the sale of the turn-around order began in February, 1991 and completed on March 14, 1991, the day Crawford was terminated, showing evidence that the sideline began before the termination. Crawford spent only two additional days after labeling and shipping the merchandise, thus, demonstrating that little changed after termination.[3] Because Crawford viewed this activity as a one-time investment opportunity and, in fact, spent only four days (two after termination)

---

**3.** See *Moshos v. Unemployment Compensation Board of Review,* 77 Pa.Commonwealth Ct. 493, 466 A.2d 258 (1983) (participation must increase substantially to constitute meaningful change in side line activity).

completing the transaction, Crawford undoubtedly remained available for full-time employment and in fact, actively sought employment. (2b). Finally, because Crawford received no compensation during the weeks in dispute and, in fact, received only $2,000 at the end of August 1991 as a result of the transaction, such activity cannot be considered Crawford's primary source of income. Therefore, the UCBR correctly held Crawford's self-employment was a side line activity and did not make him ineligible for benefits.

Employer also asserts that Crawford's failure to inform the authorities of his "self-employment" makes him ineligible for benefits under Section 401(c) of the Act and, as such, Crawford must be assessed a fault overpayment.[4] We do not agree.

■ Even though Crawford was "self-employed" in a sideline activity, recoupment is inappropriate. Section 804(a) of the Law, 43 P.S. § 874(a), authorizes recoupment only for a *fault overpayment.* Fault, under the Law, "has been defined as more than volition, more than a voluntary act. Whether its lexical or legal meaning be consulted, fault always connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches." *Logut v. Unemployment Compensation Board of Review,* 49 Pa.Commonwealth Ct. 575, 579, 411 A.2d 881, 882 (1980). The claimant's state of mind is crucial.

The UCBR accepted Crawford's testimony that he had not intentionally concealed the activity stating, "I did not previously report this business venture because I did not think of it as possible self-employment. This was part of the reason Mr. Schreiber fired me to begin with. He was going out of the flatware business and the opportunity came up for me." (4a).

---

4. Crawford asserts that Employer lacks standing to raise the issue of the fault overpayment because it is not an aggrieved party pursuant to Pa.R.A.P. 501. Crawford asserts that even if he had been disqualified from receiving benefits, receiving an overpayment would not adversely affect Employer citing *Ridgway's Magnetics Co. v. Unemployment Compensation Board of Review,* 134 Pa.Commonwealth Ct. 143, 577 A.2d 969 (1990). While Employer may not be an aggrieved party to this particular issue, it was aggrieved by the UCBR's order from which it appealed. As the issues are closely related, we chose to consider the merits of Employer's argument.

Therefore, we hold that Crawford's state of mind that this activity was not "self-employment" but a "one-time opportunity," did not constitute actual concealment so as to justify finding culpability. Therefore, the UCBR properly held that no fault overpayment is required.

Accordingly, we affirm.

## ORDER

AND NOW, this 22nd day of June, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.