IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karrie L. Cristea,                    :
                    Petitioner        :
                                      :
          v.                          :   No. 1560 C.D. 2016
                                      :   SUBMITTED:  February 3, 2017
Unemployment Compensation             :
Board of Review,                      :
                    Respondent        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                        FILED:  June 14, 2017


          Karrie Cristea (Claimant) petitions for review from the decision of the

Unemployment Compensation Board of Review (Board) affirming the decision of

a referee, who dismissed Claimant's appeal of a Notice of Determination (Notice)

issued by the Department of Labor and Industry (Department).   The Board

determined that Claimant was ineligible for benefits under section 402(h) of the

Unemployment Compensation Law (Law)[1] because she was engaged in self-

employment.  For the reasons set forth herein, we reverse.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(h).

Claimant was employed at Holiday Inn from March 31, 2014 until May 12, 2016 when she filed an application for benefits. (Referee's Decision/Order, July 21, 2016, Finding of Fact (F.F.) No. 1.) After her Holiday Inn employment concluded, Claimant began planning to host a bridal show in January 2017. (F.F. No. 3.) She planned to contact vendors and rent space in December 2016. (F.F. Nos. 8 & 9.) Claimant planned to retain any profits generated from this activity. (F.F. No. 9.) Claimant only intended to host a single event. (F.F. No. 11.) Believing that she needed a federal employer identification number (EIN) to host the event, Claimant applied for an EIN from the Internal Revenue Service on June 10, 2016, under the name "Eventions." (F.F. Nos. 4 & 5.)

On June 15, 2016, the Department issued a determination that she was ineligible for benefits under section 402(h) for the week ending June 11, 2016. Advised by a Department representative that self-employment could jeopardize her unemployment compensation benefits, Claimant sent a letter to the IRS to withdraw the EIN request on July 12, 2016. (F.F. Nos. 6 & 10.) Claimant appealed the Department's determination that she was ineligible due to self-employment.

On July 21, 2016, a referee issued a decision and order affirming the determination of the Department. Claimant appealed to the Board, and on August

2

23, 2016, the Board affirmed the referee, adopting his findings and conclusions. This appeal followed.[2]

The issue before this Court is whether the Board erred in determining that Claimant was engaged in self-employment under section 402(h) of the Law, which provides that a claimant is ineligible for compensation for any week in which he or she is engaged in self-employment. 43 P.S. § 802(h). The determination of whether one is self-employed is a question of law subject to our review. *Unemployment Compensation Board of Review v. Minier*, 352 A.2d 577, 579 (Pa. Cmwlth. 1976).

The Law does not define the term "self-employment." However, section 4(*l*)(2)(B) of the Law does define "employment:"

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B). This Court has considered the definition of employment when evaluating whether a claimant is self-employed. *See Buchanan v.*

---

[2] Our scope of review in an unemployment compensation appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Unemployment Compensation Board of Review*, 581 A.2d 1005 (Pa. Cmwlth. 1990). "This Court has consistently held. . . that before a claimant will be declared to be self-employed, the employer bears the burden of proving both elements of [s]ection (*l*)(2)(B)." *Id.* at 1007.

In *Buchanan*, this Court surveyed a number of cases where post-employment activity was considered self-employment:

> In *Leary v. Unemployment Compensation Board of Review,* [322 A.2d 749 (Pa. Cmwlth. 1974)], the Court held that a claimant who had formed a corporation for the purpose of construction of buildings after being laid off from employment, who had elected himself president of the corporation and thereafter entered into an agreement to buy a parcel of land was found to be self-employed and, therefore, ineligible for benefits. The date that self-employment began, the Court said, was the date of incorporation because the act of incorporating was the "only positive move of Leary in establishing his own business." *Id.* [at 750].
>
> In addition, the Court in *Balmer v. Unemployment Compensation Board of Review,* [368 A.2d 1349 (Pa. Cmwlth. 1977)], found that the claimant was precluded from collecting benefits because he was self-employed. Specifically, the claimant, after termination of his full-time job, established an independent elevator servicing business by providing capital for office equipment, advertising and insurance. The claimant, who actively participated in performing services by such business and who also received income for his labor, was found to be self-employed, and, therefore, ineligible for unemployment compensation benefits.
>
> The court again found a claimant to be ineligible for benefits in *Alick v. Unemployment Compensation Board*

*of Review,* [166 A.2d 342 (Pa. Super. 1960)], where, subsequent to separation from his regular job, the claimant "entered the field of self-employment as an air conditioner serviceman, advertising his services, and listing the same in the telephone book." *Id.* [at 343].

Moreover, we held that the claimants in *Kirk v. Unemployment Compensation Board of Review,* [425 A.2d 1188 (Pa. Cmwlth. 1981)] could not receive benefits due to their self-employment. The claimants in that case, after separation from employment, received a business loan from a bank for the purpose of starting a landscaping business, purchased a tractor and signed a contract to begin subcontracting jobs. We found the claimants to be self-employed as of the time of the approval of the bank loan because this act was the requisite positive step in embarking upon an independent business venture.

*Id.* at 1008.

In *Roche v. Unemployment Compensation Board of Review*, 503 A.2d 1103, 1105 (Pa. Cmwlth. 1986), the claimant established a business checking account used to pay for services and purchases and entered a lease for business space before forming a corporation in which he served as president and took stock. The *Roche* court stated:

Whether or not a business is incorporated is not determinative of whether activity in such business can be considered self-employment. *See Salis v. Unemployment Compensation Board of Review,* [190 A.2d 579 (Pa. Super. 1963)]. Likewise, a finding that a claimant received an income or has a proprietary interest in a business is not necessary in reaching the conclusion that such claimant is self-employed. [*Watson v. Unemployment Compensation Board of Review,* 491 A.2d 293 (Pa. Cmwlth. 1985)]. A claimant is considered

5

to have embarked on "self-employment" when he performs a positive act of establishing an independent business enterprise. *Kirk v. Unemployment Compensation Board of Review,* [425 A.2d 1188 (Pa. Cmwlth. 1981)].

*Id.* at 1105. The Court concluded that "starting a checking account, running errands and signing the lease were all positive acts of establishing an independent business enterprise." *Id.*

In other cases, this Court has concluded that a claimant's activity was insufficient to constitute self-employment. In *Parmalee, Miller, Welsh & Kratz v. Unemployment Compensation Board of Review*, 405 A.2d 1052 (Pa. Cmwlth. 1979), a claimant was not self-employed where he considered establishing a private law practice before reversing course without performing legal services. In *Centorame v. Unemployment Compensation Board of Review*, 474 A.2d 1220 (Pa. Cmwlth. 1984), after separation from a previous employer, the claimant printed business cards and advertised as a provider of home improvement services. This Court found the claimant eligible for benefits, ruling that where no actual work is performed, "public advertisement of a pursuit, without more, does not in itself amount to the launching of a new enterprise." *Id.* at 1221. In *Zegel v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1294 C.D. 2011, filed April 9, 2012),[3] an attorney incorporated, filed for an EIN, and opened a business bank account, but she never performed any legal services for remuneration (the claimant stated that she only intended to perform *pro bono*

_____

[3] Pursuant to Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code § 69.414, an unreported panel decision of the Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value.

6

work). Though the Board determined that the act of incorporation alone rendered the claimant ineligible for benefits, this Court disagreed, concluding that the claimant's activities were more akin to a sideline activity than self-employment. *Id.,* slip op. at 2.

In the instant case, the Board found that Claimant took the action to initiate a business by applying for an EIN; by planning to host a bridal show in January 2017; by planning to contact vendors; by planning to rent space; by planning to advertise the event; and by planning to retain any profit realized from the event. However, the Board also found that Claimant withdrew her request for a tax ID number and only planned the bridal show as a one-time event. Claimant argues that applying for an EIN, in addition to mere planning for the bridal show, was not enough to constitute positive steps toward self-employment, absent an intention to continue the business venture beyond a one-time event.

The Board argues that Claimant's act of filing for an EIN with the name "Eventions" is tantamount to filing for incorporation, constituting a positive step to establish an independent business venture. But in *Roche* we determined that incorporation in itself was "not determinative of whether activity in such business can be considered self-employment." 503 A.2d at 1105. Therefore, contrary to the Board's position, evidence of a mere request for an EIN likewise is not enough to establish that Claimant was self-employed.

Moreover, some of the factors the Board relied upon were no more than actions contemplated by Claimant. She planned to contact vendors and

7

advertise for the show, but had not done so. Evidence of an intention to start an independent business venture through advertisement does not constitute the actual undertaking of that venture. *Centorame.* As a result, Claimant's intentions to advertise or contact vendors do not constitute positive acts toward self-employment.

Additionally and significantly, the Board found that Claimant intended for the bridal show to be a one-time event. In order to be self-employed, a claimant must be both free from control or direction over the performance of such services both under her contract of service and in fact; and be customarily engaged in an independently established trade, occupation, profession or business. *Buchanan*, 581 A.2d at 1008. There, a claimant was found to not be self-employed when he rented a booth at a flea market to sell jewelry on a temporary basis. *Id.* at 1009. Although we noted in *Buchanan* that we may have decided that case differently if the claimant sold jewelry on a more consistent basis, this Court ultimately determined that renting a space alone does not constitute customary engagement under section 4(*l*)(2)(B). In *Buchanan*, Claimant's actions are even less indicative of customary engagement in an independently established trade, occupation, profession or business. She only applied for an EIN and made some plans to host a one-time bridal show.

Accordingly, we find Claimant's actions are much more closely aligned with those cases finding insufficient evidence of self-employment. Under the circumstances of this case, the Board erred as a matter of law in its determination that Claimant was ineligible for benefits under section 402(h) of the

8

Law because she was engaged in self-employment.  For these reasons, we reverse the order of the Board.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karrie L. Cristea,                          :
          Petitioner         :
                            :
          v.                           :  No. 1560 C.D. 2016
                            :
Unemployment Compensation         :
Board of Review,                          :
          Respondent        :

O R D E R

AND NOW, this 14th day of June, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.

_____
JULIA K. HEARTHWAY, Judge