Joseph G. Vuknic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*R. Wallace Maxwell,* with him *Maxwell & Davis,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 7, 1979:

The Unemployment Compensation Board of Review (UCBR) denied Joseph G. Vuknic compensation, citing Section 402(h) of the Unemployment Compensation Law,[1] 43 P.S. §802(h).

We remand for further findings.

UCBR found that Vuknic was validly separated from his employment as a welder and pipe fitter at Consolidated Electric Company and filed for compensation on January 30, 1977; and that Vuknic had built Carmichael's Golf Course which is now owned by Tranquil Enterprises, Inc., in which Vuknic is a major shareholder and "moving force." It found further that Vuknic had in the past disengaged himself from control of the corporation and transferred his stock holdings to his children but that he later regained control of the business when it suffered under his sons' management. He was elected president and so served until November 21, 1976, when, upon his resignation, his wife succeeded him as president of the corporation.

---

[1] Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

Section 402(h) provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(h)   In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

The term "self-employed" is not statutorily defined but embraces within its meaning those who by virtue of their position in a corporation and ownership of stock can exercise substantial control over the operation of a business enterprise. *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972). Vuknic's testimony that he no longer actively participated in the operation of the golf course is not legally dispositive since active participation is not a prerequisite of self-employment. *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976).

Substantial evidentiary support for UCBR's characterization of Vuknic as a "moving force" within the corporation is provided by his admission that he owned one-third of the corporation's stock and by reasonable inferences of his ability to control which can be drawn from the corporation's recent history of events, *see Starr v. Unemployment Compensation*

*Board of Review,* 10 Pa. Commonwealth Ct. 265, 309 A.2d 837 (1973). Thus, we agree that a *prima facie* showing of self-employment has been made.[2]

However, this does not end our inquiry. Section 402(h) contains a proviso which

> precludes disqualification under the following conditions: (1) that the self-employment precedes valid separation from full-time work; (2) that the self-employment continues without substantial change after separation; (3) that the claimant remains available for full-time work after separation; and (4) that the self-employment is not the primary source of claimant's livelihood.

*Parente v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 455, 458, 366 A.2d 629, 631 (1976).

The first condition is met because it is undisputed that Vuknic's self-employment preceded his separation from full-time work with Consolidated Electric. Although there is uncontradicted testimony in the record from which one could infer that Vuknic's involve-

---

[2] In response to Vuknic's argument that an examination of his control constitutes an invalid attempt to pierce the corporate veil, we need only cite Judge WILKINSON's language in *Kerns v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 48, 50, 367 A.2d 334, 335 (1976):

> Claimant mistakenly relies on *Wedner Unemployment Compensation Case,* 449 Pa. 460, 296 A.2d 792 (1972), for the proposition that the referee and Board should not have pierced the corporate veil to determine whether claimant was an unemployed businessman. This contention is without merit. It was made clear in *Wedner,* supra, and in our more recent case, *Feltman v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 153, 325 A.2d 322 (1974) that Section 402(h) was not at issue; rather, each case dealt with Section 4(l) (4) (5), 43 P.S. §753(1) (4) (5).

ment with the golf course has not changed substantially since he was separated from his full-time employment and that he is available for and is seeking full-time employment, UCBR failed to address these issues in its findings. There is no evidence in the record nor are there findings on the issue of whether Vuknic's "self-employment" is the primary source of his livelihood.

We will not infer undeclareed findings by UCBR. *Orloski v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 174, 392 A.2d 333 (1978). Since UCBR failed to consider whether Vuknic satisfies all four conditions in the proviso to Section 402(h) and so qualifies for compensation, we remand to UCBR for further findings and redetermination of Vuknic's appeal.

Accordingly, we

### ORDER

AND Now, this 7th day of September, 1979, the order of the Unemployment Compensation Board of Review dated April 15, 1977, denying compensation to Joseph G. Vuknic is vacated and the record is remanded for further findings on the issue of whether Joseph G. Vuknic is eligible for compensation under the proviso to Section 402(h).