Judge WILLIAMS, JR., did not participate in the decision in this case.

William S. Watson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*George S. Test, Jr., Baird, Miller & Test,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, April 15, 1985:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that William S. Watson (Claimant) was ineligible for benefits due to self-employment and, in addition, that he had received a fault overpayment in the amount of $1,937.00.

Although the findings of the referee are quite limited, there is no dispute between the parties with respect to the basic facts involved in this case. Claimant was employed for several years as a dragline oiler for James M. Stott Coal Company (Stott Coal). In September of 1982 he was laid off due to lack of work. Several months prior to the layoff, in January of 1982, Claimant and his wife had entered into a limited partnership agreement with Claimant's father-in-law and several other members of Claimant's wife's family. Pursuant to this agreement, Claimant and his wife agreed to lend the partnership, Scott Bailey Construction Company (Scott Bailey), the amount of $6,000.00,

568

repayable on demand, in exchange for interest and an equal share of the annual profit or loss of the partnership. The partnership consisted of five general partners, all of whom were members of Claimant's father-in-law's immediate family, and two limited partners, Claimant and his wife.

Prior to his separation from Stott Coal, Claimant performed no services for Scott Bailey. However in September and October of 1982, he began to visit Scott Bailey's job site on an almost daily basis, for a few hours at a time. Although he was primarily an observer, he would occasionally lend a hand with the manual labor. His name was listed on the payroll as a partner, ostensibly at the request of the Pennsylvania Department of Transportation, for whom Scott Bailey was performing services at the time; however, at no time did he receive any wages or salary.

Claimant began to receive unemployment compensation benefits as of September 5, 1982. On November 22, 1982, pursuant to information received in an anonymous telephone call, the Office of Employment Security (OES) notified Claimant of a possible overpayment. A hearing was held before a referee on December 29, 1982, following which the referee determined that Claimant "by his monetary investment into the partnership and his active participation in the business must be considered self-employed within the meaning of [Section 402(h) of the Unemployment Compensation Law (Law)]¹ and therefore is ineligible

---

¹ Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). This section provides, in pertinent part, that an employe shall be ineligible for compensation for any week

(h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without

to receive unemployment compensation benefits.'' Findings of fact were made that Claimant performed ''services'' for Scott Bailey, that his name appeared on the payroll as a partner on five payroll records submitted to the Department of Transportation during September and October, and that he was ''an active partner ... and continued to be self-employed.''

Claimant appealed the referee's adverse decision to the Board, which appointed another referee to hold a remand hearing for the taking of additional testimony. Following this second hearing, the Board affirmed the decision of the first referee.

Our scope of review in an unemployment compensation case where the party with the burden of proof has prevailed before the Board is to determine whether an error of law has been committed or whether necessary findings of fact are unsupported by substantial evidence. *Harris v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 260, 473 A.2d 251 (1984).

Claimant first challenges the referee's finding that he was an active partner in his father-in-law's business and the conclusion that he was therefore self-employed. He argues alternatively that even if his activity with the business did constitute self-employment, it nevertheless fit under the exclusionary proviso of Section 402(h) of the Law.[2] Thirdly, he argues

substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood.

[2] 43 P.S. §802(h). *See* note 1, *supra.* The Board concedes in its brief that Claimant has satisfied all the elements of the proviso except the requirement that the business venture continue "without substantial change."

that if he is found to have received an overpayment by reason of self-employment, it is a non-fault, nonrecoupable overpayment. Consequently, the first issue confronting us is whether the evidence before the Board was sufficient to support a finding of "active" participation such as is legally required to lead to a determination of self-employment within the meaning of the Unemployment Compensation Law.

The term "self-employment" is not defined in the Law; however, Section 4(1)(2)(B) of the Law[3] states in pertinent part:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that — (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

This language has been adapted by the courts into a two-prong test to determine "self-employment," so that "a claimant can be classified as self-employed under the Law once it is established that he is not subject to the outside control of an employer, and that he is customarily engaged in an independent trade." *Kuhn v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 176, 181, 432 A.2d 1156, 1158 (1981). The Supreme Court of Pennsylvania has stated that the definitive question is whether the claimant himself exercises a "substantial degree of control" over the business. *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972).

---

[3] 43 P.S. §753(1)(2)(B).

Thus, courts generally require some degree of participation in the business as a director, officer or manager, with respect to the first prong of the test, and either a significant ownership interest or a substantial investment of capital with respect to the second. *See Starinieri; Kerstetter v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 166, 468 A.2d 900 (1983).

Although this Court has stated repeatedly that *both* elements must be proven, *see, e.g., Kerstetter; Kuhn; Crenshaw v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 136, 412 A.2d 682 (1980), in practical application, a more or less cumulative fact test has developed, so that a deficiency of facts proving the first element may be balanced by a surplus in favor of the second, and vice versa. Thus, this Court determined that self-employment existed despite the lack of any active participation in the business in the case of a one-third owner and past-president of a corporation in *Vuknic v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 512, 405 A.2d 1030 (1979), as well as in the case of a one-half owner of a business whose husband owned the other one-half in *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976) (Judge MENCER dissenting).[4]

---

[4] With respect to other factors which may be involved, a lack of income from a business does not preclude a determination of self-employment, *Morelli v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 66, 434 A.2d 1332 (1981); nor does a claimant's availability for full time work. *Id.; Kirk v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 92, 425 A.2d 1188 (1981). We note, however, that in light of the case by case approach which has developed, either of these circumstances might be *considered* in applying the "substantial control" test. Although the referee made no specific findings regarding these factors,

Applying the law to the facts *sub judice*, we conclude that there is absolutely no evidence in the record which would indicate that Claimant had any kind of control, whether managerial or otherwise, over this business. On the contrary, the uncontradicted testimony given by Claimant and his father-in-law establishes that Claimant knew very little about the business and was at the job site only at his father-in-law's request. In response to the question, ''Did you ever have anything to say about what the partnership did as a manager?'' Claimant replied, ''No, never.'' He stated that the only reason he had agreed to be a limited partner was because his father-in-law needed to show a certain minimum amount of capital on his books for bonding purposes. The father-in-law testified, ''I run the company.'' With respect to Claimant's presence at the job site the father-in-law stated that he had requested Claimant to come up, and that ''[t]he only thing I felt if they didn't get called back at this Stott Coal Company, that maybe if we got a job this spring, that he might be able to go to work for us.'' Claimant indicated that he had complied with his father-in-law's request mainly because he had nothing else to do.

In addition, although the fact that Claimant was designated as a limited partner in the partnership agreement is not controlling, *see Harper v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 474, 443 A.2d 419 (1982), we do believe it to

we note first that the testimony was uncontradicted that Claimant remained continuously available for full-time work, and secondly that, although information received by the OES from their anonymous informant led them to believe initially that Claimant was receiving some type of monetary compensation, an audit conducted prior to the second hearing conclusively established that he was not. The Board has apparently conceded these facts in its brief. *See* note 2, *supra*.

be indicative of the role which the parties intended that he play in the business. Under Pennsylvania law, "[a] limited partnership is a creation of our legislature [which] permits a manner of doing business whereby individuals may invest their money free of the fear of unlimited liability *and of the responsibilities of management."* *Northampton Valley Constructors, Inc. v. Horne-Lang Associates,* 310 Pa. Superior Ct. 559, 562, 456 A.2d 1077, 1078 (1983) (quotations omitted and emphasis added). There is nothing in the record to indicate that the parties did not adhere to their limited partnership arrangement. We conclude therefore, that the first prong of the "substantial control" test has not been satisfied.

Turning to the second prong of the test, we note that Claimant did make a substantial monetary investment in the business. This investment, however, was in the form of a loan, rather than the purchase of an ownership interest. Although Claimant and his wife were to share in any profits and losses, they had no share or interest in the net worth or assets of the partnership. While a proprietary interest is not strictly necessary to a finding of self-employment, where a claimant lacks such an interest a stronger showing of active participation in the business is generally required. *Compare Kerstetter.* As stated above, there has been no such showing in this case.

We conclude, therefore, that the Board's necessary finding of fact, that Claimant was an "active partner" in Scott Bailey to the extent required to support a conclusion of self-employment, is not supported by substantial evidence in the record. This conclusion makes it unnecessary for us to address Claimant's alternative arguments.

We conclude therefore that the decision of the Board must be reversed.

## Order

Now, April 15, 1985, the decision of the Unemployment Compensation Board of Review, No. B-219379, dated June 29, 1983, is hereby reversed.

Judge WILLIAMS, JR. did not participate in the decision in this case.