# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Pileggi, III,               :
              Petitioner     :
                               :
        v.                   :
                               :
Unemployment Compensation  :
Board of Review,            :   Nos. 507, 508 & 509 C.D. 2018
             Respondent   :   Submitted: November 9, 2018

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY JUDGE FIZZANO CANNON        FILED: June 12, 2019

Ralph Pileggi, III (Claimant) petitions *pro se* for review from three March 8, 2018 orders of the Unemployment Compensation Board of Review (Board),[1] which affirmed the decisions of an Unemployment Compensation referee (Referee) concluding that Claimant was ineligible for unemployment compensation benefits because he was self-employed pursuant to Section 402(h) of the

---

[1] Claimant challenges three Board orders in this matter. First, at docket No. 507 C.D. 2018, Claimant challenges Board decision No. B-602179, which affirmed the Unemployment Compensation referee's (Referee) decision at Appeal No. 17-09-D-2765. Second, at docket No. 508 C.D. 2018, Claimant challenges Board decision No. B-602180, which affirmed the Referee's decision at Appeal No. B-17-09-D-2766. Lastly, at docket No. 509 C.D. 2018, Claimant challenges Board decision No. B-602181, which affirmed the Referee's decision at Appeal No. B-17-09-D-2767. Because these matters involve the same claimant, record, and legal issues, this Court consolidated these three matters by order dated June 7, 2018.

Unemployment Compensation Law (Law)[2] and concluding Claimant was liable for fault overpayments. Upon review, we reverse.

Claimant, a contractor, worked for QCI Excavating (Employer). At various times over the years, while not working for Employer during the off-season or periods of bad weather, Claimant applied for and received unemployment compensation (UC) benefits. At issue in the instant matter are UC benefits totaling $13,005.00 that Claimant applied for and received during multiple periods from February 2014 through February 2017 (the UC benefits periods).[3] During the UC benefits periods, Claimant received income from a 50% stake in Prime Property Group, LP (PPG), a real estate endeavor located in State College, Pennsylvania, that Claimant has owned with his brother since 2002. Upon learning of Claimant's earnings from his interest in PPG, the Department of Labor and Industry (Department) began an investigation into Claimant's previously received UC benefits claims. On August 14, 2017, the Department issued determinations that denied benefits and established fault overpayments[4] for the benefits Claimant received during the UC benefits periods.

---

[2] Section 402(h) of the Law provides that "[a]n employe shall be ineligible for compensation for any week-- . . . [i]n which he is engaged in self-employment. …" Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h).

[3] Specifically at issue are UC benefits Claimant received for: (1) the weeks ending February 22, 2014, June 14, 2014 through July 5, 2014, November 29, 2014, and January 17, 2015, which totaled $3,997.00; (2) the weeks ending February 7, 2015 through February 21, 2015, June 13, 2015, August 15, 2015 through August 29, 2015, and November 21, 2015 through December 12, 2015, which totaled $6,193.00; and (3) the weeks ending August 6, 2016, August 20, 2016, January 7, 2017, January 28, 2017, and February 22, 2017, which totaled $2,815.00.

[4] Section 804 of the Law, 43 P.S. § 874(a), requires the repayment of UC benefits claimants received, but to which they were not entitled.

On August 25, 2017, Claimant appealed the Department's determinations. On September 28, 2017, the Referee mailed Claimant a notice of a hearing to be held on his appeals on October 13, 2017. Claimant did not attend the October 13, 2017 hearing, and the Referee conducted the hearing on that date in Claimant's absence. On October 27, 2017, the Referee issued three decisions/orders that denied Claimant benefits under Section 402(h) of the Law and ordered Claimant to repay aggregate fault overpayments of $13,005.00.

On November 4, 2017, Claimant appealed the Referee's decisions/orders to the Board. On March 8, 2018, the Board issued orders that adopted the Referee's findings and conclusions and affirmed the Referee's decisions/orders. On March 22, 2018, Claimant appealed to this Court.[5]

Claimant's eligibility for UC benefits hinges on the determination of his status as "self-employed" under Section 402(h) of the Law. Claimant alleges that the Board erred in determining that he was ineligible to receive UC benefits because he was self-employed for the purposes of Section 402(h) of the Law. *See* Claimant's Brief at 27-35. Claimant contends that, because the income he derives from his ownership interest in PPG yields passive income, he did not need to report the income and it should not affect his UC benefits. *Id.* Claimant effectively alleges that the Department proffered insufficient evidence to meet its burden of establishing

---

[5] This Court's scope of review in this matter is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether the findings of fact are supported by substantial evidence. *Baer v. Unemployment Comp. Bd. of Review*, 739 A.2d 216, 217 (Pa. Cmwlth. 1999) (citing *Kirkwood v. Unemployment Comp. Bd. of Review*, 525 A.2d 841 (Pa. Cmwlth. 1987)).

that he was self-employed and that the Board committed an error of law by affirming the Referee's decisions/orders. *Id.* We agree.[6]

"The Unemployment Compensation Law was enacted to protect workers who have suffered a loss in income due to separation from employment through no fault of their own." *Pres. Pa. v. Unemployment Comp. Bd. of Review*, 673 A.2d 1044, 1046 (Pa. Cmwlth. 1996); *see* Section 3 of the Law, 43 P.S. § 752. However, "a self-employed person is ineligible for benefits under Section 402(h) of the Law[.]" *Glen Mills Sch. v. Unemployment Comp. Bd. of Review*, 665 A.2d 561, 565 (Pa. Cmwlth. 1995); *see also* 43 P.S. § 802(h) (providing that a UC claimant will be ineligible for benefits in any week in which he is self-employed). "Normally the employer has the burden of proving that a claimant is self-employed, but where the bureau acts on its own in suspending benefits because of self-employment, the bureau carries the burden." *Teets v. Unemployment Comp. Bd. of Review*, 615 A.2d 987, 989 (Pa. Cmwlth. 1992). "The issue of whether a UC claimant is self-employed is a question of law subject to plenary review." *Frimet v. Unemployment Comp. Bd. of Review*, 78 A.3d 21, 25 (Pa. Cmwlth. 2013); *see also Baer v. Unemployment Comp. Bd. of Review*, 739 A.2d 216, 217 (Pa. Cmwlth. 1999).

Section 4(*l*)(1) of the Law generally defines the term "employment" to encompass "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation." 43 P.S. § 753(*l*)(1). The Law does not statutorily define the narrower term of "self-employment," however. Thus,

---

[6] We acknowledge the Board's argument that Claimant has waived his argument regarding the Referee's determination that he was self-employed by not specifically challenging any findings on appeal. *See* Board's Brief at 19-23. Here, however, Claimant is asserting a lack of findings to support the Board's decision, creating an insufficiency in the decision. *See* Claimant's Brief at 7.

4

in determining whether an individual is self-employed, courts look to the statutory definition of "employment" in Section 4(*l*)(2)(B) of the Law, which provides, in pertinent part:

> *Services performed by an individual for wages* shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that--(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B) (emphasis provided). This Court has explained:

> This language has been adapted by the courts into a two-prong test to determine "self-employment," so that a claimant can be classified as self-employed under the Law once it is established that he is not subject to the outside control of an employer, and that he is customarily engaged in an independent trade. The Supreme Court of Pennsylvania has stated that the definitive question is whether the claimant himself exercises a "substantial degree of control" over the business. *Thus, courts generally require some degree of participation in the business as a director, officer or manager, with respect to the first prong of the test, and either a significant ownership interest or a substantial investment of capital with respect to the second*.

*Watson v. Unemployment Comp. Bd. of Review*, 491 A.2d 293, 295–96 (Pa. Cmwlth. 1985) (internal citations and some quotations omitted) (emphasis provided). The Court has further explained that:

5

> Although this Court has stated repeatedly that *both* elements must be proven, in practical application, a more or less cumulative fact test has developed, so that a deficiency of facts proving the first element may be balanced by a surplus in favor of the second, and vice versa.

*Id.* at 296 (emphasis in original).

Here, because Claimant was absent at the hearing, the evidence presented consisted only of testimony from the Department representative and supporting documentary evidence illustrating that Claimant owned a 50% stake in PPG and derived income from his interest in PPG during the claimed UC benefits periods. *See* Notes of Testimony (N.T.) 10/13/2017 at 4-5. The Referee found the Department representative's testimony to be credible. *See* Referee's Decisions at 2. Based on the evidence, the Referee's Decisions each made the following Findings of Fact:

> 1. On January 23, 2014, the [C]laimant filed an application for UC benefits effective January 19, 2014.
>
> 2. In 2002, the [C]laimant started the business entitled Prime Property [Group] LP.
>
> 3. The [C]laimant owns 50% of Prime Property LP.
>
> 4. Prime Property LP rents property to college students in State College Pennsylvania.
>
> 5. The [C]laimant received more remuneration from Prime Property LP than his regular employment.

6

6. For the weeks ending[7] . . . , the [C]laimant received benefits to which he was not entitled.

7. The [C]laimant did not advise the [D]epartment of his business.

Referee's Decisions at 1-2. Each Referee's Decision then found as follows:

In the present case, the agency representative credibly testified that the [C]laimant admitted that he owned 50% of [PPG], and that the [C]laimant provided several years of tax returns, which showed that the [C]laimant earned more from his real estate business than from his regular earnings. The sideline exemption for self-employment cannot be granted when [C]laimant's primary earnings are from his own business. Benefits must be denied under [S]ection 402(h) [of] the Pennsylvania unemployment compensation law.

Referee's Decisions at 2.[8] Thus, the Referee concluded that Claimant was ineligible to receive UC benefits because the sideline activity exception for self-employment did not apply, as Claimant's earnings from PPG, being the greatest of his income streams, represented the primary source of his livelihood. *See* Referee's Decisions at 2.

In each case, without determining whether Claimant's ownership interest in PPG represented self-employment, the Referee proceeded directly to an analysis of whether Claimant's income received from his ownership interest in PPG

---

[7] Each of the Referee's Decisions herein insert the UC periods specific to the individual Referee's Decision.

[8] Decisions No. B-602179 and B-602180 contain the precise language quoted herein. Decision No. B-602181 contains identical language, but abbreviates "the Pennsylvania unemployment compensation law" to "the PA UC Law."

7

qualified for the sideline business exception. However, prior to engaging in this analysis, the Referee made no findings of fact upon which he could have based the legal conclusion that Claimant's ownership interest in PPG represented self-employment in the first place. This was legal error.

Our plenary review of the record reveals that, while it is incontrovertible that Claimant owns a 50% interest in PPG, no evidence of record exists that Claimant either provided PPG with services of any kind or controlled the company to any degree. Further, the evidence does not indicate that Claimant received wages or remuneration in exchange for any services he provided to PPG. Instead, the evidence illustrates that Claimant effectively received dividends on an investment he made in PPG nearly two decades ago in 2002. Indeed, Claimant's Schedule E forms submitted annually with his 1040 characterize his Schedule K-1 income as "passive." *See* Claimant's Federal Tax Returns for 2014-2016, Exhibits S15-S22 to October 13, 2017 hearing. We further note that PPG is a residential real estate rental company and thus a "passive activity" by definition under the Internal Revenue Code. *See* 26 U.S.C. § 469 (c)(1) & (2) (defining "passive activity" as an activity involving the conduct of a trade or business in which the taxpayer does not materially participate, and expressly including any rental activity within the definition). Under these circumstances, Claimant's interest in PPG was not self-employment as required by the two-prong test articulated in *Watson*, or even employment as defined by Section 4 of the Law. The evidence instead merely indicates that Claimant was an investor in his brother's business. As previously stated, the purpose of the Law is to compensate individuals who lose their job through no fault of their own. 43 P.S. § 752. No argument exists that Claimant was at fault for his unemployment with Employer during the UC benefits periods.

8

We appreciate that in *Vuknic v. Unemployment Compensation Board of Review*, 405 A.2d 1030 (Pa. Cmwlth. 1979), this Court found an individual who owned a one-third stake in a corporation but who did not actively participate in the operation of the business was self-employed for unemployment compensation purposes. *Vuknic* is distinguishable from the instant matter, however. In *Vuknic*, the Court determined a *prima facie* showing of self-employment had been made where the individual's one-third ownership stake was coupled with reasonable inferences regarding his ability to control the corporation based on the corporation's recent history of events.[9] *Vuknic*, 405 A.2d at 1031-32. Here, no such inferences of corporate control can be derived from the evidence Department presented at the hearing, which does not illustrate that Claimant had any involvement whatsoever in PPG's operation, and illustrated that his participation consisted only of an initial investment to start the business, which is now, and has for years been, completely and independently run by Claimant's brother. *See* N.T. 10/13/2017 at 4-5 (Department agent testimony indicating Claimant is 50% owner of PPG and is not otherwise involved in the running of the business). The Referee's relevant findings state only that Claimant started the business in 2002 and that he owns 50% of PPG; there are no findings that Claimant participated in the business during the relevant time periods at issue. In other words, Claimant's involvement in PPG is simply that of an investor.

As such, the instant matter presents the scenario of an employee seeking UC benefits, occasioned by a downturn of work at his employer, who contemporaneously receives dividends from an ownership interest in a separate

---

[9] The stockholder, who had previously disengaged himself from control of the company, later regained control of the business when it suffered under his sons' management. *Vuknic*, 405 A.2d at 1031.

company in which he has invested, but the management and operation of which he takes no part. Effectively, Claimant invested in his brother's company as one would invest in the stock market. The evidence at the hearing revealed that Claimant's ownership interest is an investment that works exactly as would any investment in a stock portfolio: Claimant does nothing and receives income (akin to dividends), on which he pays taxes, based on the company's annual performance. *See* N.T. 10/13/2017 at 4-5. Comparably, a stock investor provides no personal services for wages or remuneration and thus is not employed by the companies in which the investor holds stock. *See Colello v. Unemployment Comp. Bd. of Review*, 492 A.2d 769, 772 (Pa. Cmwlth. 1985) (noting that an ownership interest in a business where no work is performed is "analogous to the ownership of income producing property such as a leased parcel of land or interest producing certificates of deposit with a financial institution[,]" the income from which is not reportable work-related income to support the denial of benefits). The performance of his stock portfolio, therefore, does not affect the investor's eligibility to receive UC benefits when laid off from his regular employer through no fault of his own. *See id.* The same is true of Claimant's interest in the company run by his brother: Claimant is an investor with no operational responsibility or input. Like the stockholder, Claimant should not lose his UC benefits eligibility when laid off from his employer during a period of downtime beyond Claimant's control based on the performance of his investment.

Claimant's ability to collect unemployment benefits should not be affected by making what turned out to be a prudent investment in his brother's business as opposed to investing in a publicly traded corporation. Such a result would not be consistent with the purpose of the Law, which the General Assembly enacted specifically to help individuals who, like Claimant, have lost their

10

employment through no fault of their own. *See* 43 P.S. § 752. Therefore, we conclude that Claimant's investment in PPG did not represent disqualifying self-employment under Section 402(h) of the Law.[10] Further, because we find that Claimant was not ineligible to receive UC benefits, the payments he received cannot be categorized as fault overpayments. Therefore, Claimant is not subject to any fault overpayment repayments ordered by the Board pursuant to Section 804 of the Law, 43 P.S. § 874.

For the foregoing reasons, we reverse the Board's March 8, 2018 orders affirming the Referee's decisions/orders concluding that Claimant was ineligible for UC benefits and requiring repayment of aggregate fault overpayments.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Given our determination that Claimant was not self-employed by virtue of his investment in PPG, we need not examine whether the sideline activity exception applies to the instant matter.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Pileggi, III,                         :
                Petitioner            :
                                    :
              v.                          :
                                      :
Unemployment Compensation                   :
Board of Review,                            :     Nos. 507, 508 & 509 C.D. 2018
                Respondent            :

## O R D E R

AND NOW, this 12th day of June, 2019, the March 8, 2018 Orders of the Unemployment Compensation Board of Review are REVERSED.

                                           _____
                                           CHRISTINE FIZZANO CANNON, Judge