# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Panella,                 :

           Petitioner        :

                            :    No. 881 C.D. 2023

        v.                :

                            :    Submitted: October 8, 2024

Unemployment Compensation    :

Board of Review,              :

           Respondent     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED: November 19, 2024**

       Mark Panella (Claimant) has petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the referee that Claimant was self-employed and therefore ineligible for unemployment compensation benefits under Sections 402(h) of the Unemployment Compensation Law (UC Law).[1] Upon review, we affirm.

## I. BACKGROUND[2]

       Claimant is one of five shareholders of Panella Brothers Inc., which operates a tavern in Lawrence County. Claimant serves as corporate secretary and, as a manager of the tavern, supervised the "day-to-day operations." Notes of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec., 7/13/23.

Testimony (N.T.) Hr'g, 8/30/22, at 19. He receives a salary, as well as shareholder dividends. Claimant makes decisions for the tavern related to business policy, finances (including writing checks, *id.*), and personnel. He sets his own work schedule and is free to work for competitors or for any other business.

On June 7, 2021, the tavern was damaged in a fire and closed.[3] The tavern remained closed until sometime in February 2022, when Claimant and the other shareholders agreed to reopen the tavern for business.

Claimant applied for UC benefits, but the UC Service Center denied benefits under Sections 402(h) and 4(l)(2)(B) of the UC Law. Claimant timely appealed, and a hearing was held before a referee. The referee upheld the denial of benefits, and Claimant sought further review before the Board. The Board affirmed, adopting the referee's findings and concluding that Claimant was self-employed based on the totality of the circumstances. Claimant appealed to this Court.

## II. ISSUE

The single issue before the Court is Claimant's ineligibility for unemployment compensation benefits under Section 402(h) of the UC Law. Claimant's Br. at 4.

## III. DISCUSSION[4]

Claimant asserts that the Board improperly concluded that Claimant was self-employed. *Id.* at 6. According to Claimant, the Board adopted an overly

---

[3] The tavern also closed from March until August 2020, due to various restrictions placed on local businesses during the COVID-19 pandemic. This period of closure is not a subject of this appeal.

[4] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136.

broad application of the self-employment exclusion. *Id.* at 11. Claimant does not dispute the findings of the Board but suggests, rather, that it failed to evaluate all of the underlying facts. *See id.* at 11-12.

In Claimant's view, when viewing the totality of the circumstances, it becomes evident that Claimant lacked substantial control over the corporation as a whole. *Id.* at 12. In support of this argument, Claimant points to the Board's recognition that Claimant "and the other shareholders" jointly decided to close, and then reopen, the tavern during the COVID-19 pandemic. *Id.* at 12 (emphasis removed). Similarly, Claimant notes the period of closure when a fire had caused extensive damage to the tavern. *Id.* at 12-13. According to Claimant, the decision to delay reopening until February 2022 was not his alone but subject to the agreement of the other shareholders. *Id.* at 13 (suggesting he lacked "the right or ability to invest money or make the necessary repairs" without approval from the other shareholders). For these reasons, he concludes, Claimant's position was more akin to that of a manager, and so the self-employment exception should not apply. *Id.* (citing *Geever v. Unemployment Comp. Bd. of Rev.*, 442 A.2d 1227 (Pa. Cmwlth. 1982)).

The UC Law "was enacted to protect workers who have suffered a loss in income due to separation from employment through no fault of their own." *Pileggi v. Unemployment Comp. Bd. of Rev.*, 212 A.3d 1149, 1152 (Pa. Cmwlth. 2019). Whether a claimant is self-employed presents a question of law subject to our plenary review. *Id.* at 1152. A claimant is considered self-employed when he exercises a substantial degree of control over a business, in contrast to an employee. *Id.* at 1153.

We examine two factors. First, we consider whether a claimant is

3

subject to the outside control of an employer. *Id.* For example, a claimant that participates in some degree "as a director, officer, or manager" is considered *not* subject to outside control. *Id.* Second, we consider whether a claimant is "customarily engaged in an independent trade[,]" meaning the claimant has either a significant ownership interest or a substantial capital investment in a business. *Id.* Finally, in resolving whether a claimant is self-employed, we examine the totality of the circumstances. *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 304 n.30 (Pa. 2020); *Precht v. Unemployment Comp. Bd. of Rev.*, 306 A.3d 994, 1002 (Pa. Cmwlth. 2023) (*en banc*). Although both elements must be proven, this Court has also noted that "in practical application, a more or less cumulative fact test has developed, so that a deficiency of facts proving the first element may be balanced by a surplus in favor of the second, and vice versa." *Pileggi*, 212 A.3d at 1153.

In *Geever*, the claimant owned 30% of the corporate shares. 442 A.2d at 1228. After the president left, the claimant took over and exercised substantial control over business operations: she "participated in the hiring and firing; she had authority to sign checks; she managed the day[-]to[-]day affairs; and, she was the bookkeeper." *Id.* at 1229. The president then returned to run the company and, two months later, fired the claimant. *Id.* During those two months, although she remained a board member and shareholder and held the title of manager, the claimant's authority was reduced. She was relegated to the role of bookkeeper and "no longer exercised substantial control or any control but rather took orders from the other shareholders . . . ." *Id.* The corporation also paid the claimant a weekly salary, presumably for her bookkeeping services, as none of the salary "was for her services as a director or officer of the corporation." *Id.* Accordingly, considering the totality of these circumstances, the *Geever* Court held that the claimant was not

self-employed. *Id.*

Similar to the *Geever* claimant's 30% share, Claimant owns a 20% share in the corporation. *See id.* Like the *Geever* claimant's job duties before the president's return, the record supports the Board's findings that Claimant makes "business policy decisions, financial decisions, and had the authority to hire and fire employees . . . ." *See* Bd.'s Dec. at 2; *accord* N.T. Hr'g at 19. Identical to the *Geever* claimant's supervisory job duties, Claimant likewise supervised the tavern's "day-to-day operations" and had authority to sign checks. *Compare* N.T. at 19, *with Geever*, 442 A.2d at 1229 (recognizing that prior to the president's return, the claimant had supervisory and check-writing authority).

Nevertheless, while both Claimant and the *Geever* claimant had the title of manager, their roles are markedly different. The principal distinction is that, after the president returned, the *Geever* claimant no longer exercised substantial day-to-day control over the business, notwithstanding her title. *See Geever*, 442 A.2d at 1229-30. In contrast, here, Claimant meaningfully supervised the "day-to-day operations" up until his unemployment. N.T. Hr'g at 19. Nothing of record suggests that Claimant's title was meaningless. Plainly, Claimant's job duties reflected a "substantial degree of control" over the tavern, *unlike* the mere bookkeeping duties that the *Geever* claimant retained. *See Geever*, 442 A.2d at 1228; *Pileggi*, 212 A.3d at 1153.

Claimant makes much of the fact that as a 20% shareholder, he allegedly lacked control over corporate policies. However, as *Geever* pointed out, the percentage of stock owned, whether the claimant is a corporate officer, and the claimant's title are not singularly determinative. *See Geever*, 442 A.2d at 1229. It is the *totality* of the circumstances that control. *Id.*

## IV. CONCLUSION

After considering the totality of the circumstances, we agree with the Board that Claimant was self-employed because he participated in some degree as a manager in the day-to-day operations of the tavern and has a significant 20% ownership interest.  *See Pileggi*, 212 A.3d at 1153; *Precht*, 306 A.3d at 1002.  For these reasons, we affirm the Board.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Panella, : 
        Petitioner : 
         :   No. 881 C.D. 2023
        v. : 
         : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

# **O R D E R**

AND NOW, this 19th day of November, 2024, we AFFIRM the July 13, 2023 order entered by the Unemployment Compensation Board of Review.

_____

**LORI A. DUMAS, Judge**